UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. CR08-00093 |
| VERSUS | |
| CLINTON MATTHEW CORBEIL | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Corbeil is moving for appointment of a psychiatrist prior to sentencing, pursuant to 18 U.S.C. 3006A (Doc. 59). Corbeil contends that he needs a psychiatric evaluation prior to sentencing in order to show he committed the offense (to which he pleaded guilty) because he was subjected to serious coercion, or duress under circumstances not amounting to a complete defense. In other words, he is alleging the "incomplete duress" defense pursuant to U.S.S.G. 5K2.12[1].

---

[1]2 Section 5K2.12 provides, "If the defendant committed the offense because of serious coercion, blackmail, or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. Notwithstanding

Section 3006A(e)(1) provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services."

The basis for a downward departure in a sentence under Section 5K2.12 has been characterized as "incomplete duress" because it was meant to apply precisely to those situations where a complete defense was not present. U.S. v. Garza-Juarez, 992 F.2d 896, 912 (9th Cir. 1993). It does not require immediacy of harm or inability to escape, and it allows the district court to consider the subjective mental state and personal characteristics of the defendant. U.S. v. Henderson-Durand, 985 F.2d 970, 976 (8th Cir. 1993). Section 5K2.12 depends on the perceptions of the defendant, as well as subjective factors such as evidence as to the special vulnerability of the defendant. U.S. v. Cheape, 889 F.2d 477, 480 (3d Cir. 1989)(a jury's verdict rejecting coercion as a defense does not preclude the court from considering coercion as a

---

this policy statement, personal financial difficulties and economic pressures upon a trade or business do not warrant a downward departure."

2

mitigating factor).

Section 5k2.12 provides a broader standard of coercion/duress as a mitigating factor than the standard applied during the guilt phase of trial to establish a complete defense. U.S. v. Cheape, 889 F.2d 477, 480 (3d Cir. 1989). See also, U.S. v. Silva, 9 F.3d 103, *2 (5th Cir. 1993), cert. den., 136 F.3d 136 (5th Cir. 1998); U.S. v. Willis, 38 F.3d 170, 176 (5th Cir. 1994), cert. den., 515 U.S. 1145, 115 S.Ct. 2585 (1995). To establish duress, a defendant must show that the force or threat was of such a nature as to induce a well-founded fear in a person of immediate and impending death or serious bodily harm to himself or others. Smith, 987 F.2d at 890. The well-founded fear test requires an objective showing that a reasonable person would have been coerced. Smith, 987 F.2d at 890. Coercion must involve a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. Section 5k2.12. The Court need *not* find the offense to have been involuntary. U.S. v. Johnson, 956 F.2d 894, 901 (9th Cir. 1992), suppl'd on rehearing, 969 F.2d 849 (9th Cir. 1992). The court is not confined to the classical definition of duress, but should properly consider the individual before the court and his/her particular vulnerability. In this regard, the testimony of an expert is of special interest. Smith, 987 F.2d at 891, citing U.S. v. Johnson, 956 F.2d 894, 899 (9th Cir. 1992), suppl'd on rehearing,

969 F.2d 849 (9th Cir. 1992).

In U.S. v. Smith, 987 F.2d 888, 890-891 (2d Cir. 1993), cert. den., 510 U.S. 875, 114 s.Ct. 209 (1993), the Second Circuit held that, although Smith's request for a psychiatrist to help him establish coercion or duress under U.S.S.G. 5k2.12 should have been granted, reasoning that testimony as to Smith's unusual susceptibility to coercion was relevant to determining whether he had an honest but unreasonable belief that he was being coerced, the denial was harmless error. See also, U.S. v. Willis, 38 F.3d 170, 176 (5th Cir. 1994)(the court must consider both the objective duress/coercion formulation and subjective factors, such as evidence of special vulnerability or susceptibility). See also, U.S. v. Nava-Sotelo, 232 F.Supp.2d 1269 (D.N.M. 2002), rev'd on other ground, 354 F.2d 1202 (10th Cir. 2003), cert. den., 541 U.S. 1035 (2004), in which a psychological evaluation was used to support a finding of incomplete duress.

Corbeil argues that he was housed at an extremely violent prison, USP-Pollock, for almost twelve months. Corbeil states that, from April 20, 2007 through July 14, 2008, violence at USP-Pollock was at an all-time high (Corbeil's offense occurred on October 28, 2007). Corbeil states that, during that fifteen-month period, seven of the sixteen homicides reported by the BOP, for their nearly 200 prisons nationwide, took place in USP-Pollock. Corbeil further states that his victim's past history shows the

4

victim was highly prone to violence and murder.  Corbeil contends that, in the almost twelve months he was in USP-Pollock, he had never participated in, exhibited, endorsed, or otherwise approved of any acts of violence, and was not a member of a gang or a group participant.  Therefore, Corbeil is alleging the "incomplete duress" defense sentencing in order to prove a mitigating factor at sentencing for which psychiatric evidence is usually used.

While a trial court need not authorize an expenditure under subdivision Section 3006A(e) for a mere fishing expedition, it should not withhold its authority when underlying facts reasonably suggest that further exploration may prove beneficial to the accused in the development of a defense.  Considering the purpose of Section 3006A(e) of the Criminal Justice Act to provide the accused with a fair opportunity to prepare and present his case, the application of the accused's counsel for such services must be evaluated on a standard of reasonableness.  U.S. v. Schultz, 431 F.2d 907, 911 (8th Cir. 1970), cert. den., 416 U.S. 988 (1974).  Also, U.S. v. Theriault, 440 F.2d 713, 717 n.1 (5th Cir. 1971)(J. Wisdom's special concurrence), cert. den., 411 U.S. 984, 93 S.Ct. 2278 (1973).  It is contemplated by the Act that counsel should be afforded the fullest opportunity to prepare their case.  The rule in allowing defense services is that the Judge need only be satisfied that they reasonably appear to be necessary to assist counsel in their preparation, not that the defense would be

defective without such testimony.  Theriault, 440 F.2d at 717 n.1 (J. Wisdom's special concurrence), citing U.S. v. Pope, 251 F.Supp. 234, 241 (D.C.Neb. 1966).

In the case at bar, appointment of a psychiatric expert is not necessary. The overall conditions at the prison do not constitute duress as envisioned by the statute. However, at sentencing, Corbeil may testify as to the living conditions at USP-Pollock and his state of mind at that time. Therefore, Corbeil's motion for appointment of a psychiatric expert should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Corbeil's motion for appointment of a psychiatric expert (Doc. 59) for sentencing purposes should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE