UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 1:08-CR-00093-01 |
| **VERSUS** | JUDGE DRELL |
| **CLINTON CORBEIL** | MAGISTRATE JUDGE PEREZ-MONTES |

**ORDER**

In the government's response in opposition to Defendant Clinton Corbeil's ("Defendant" or "Corbeil") motion for reduced sentence under 18 U.S.C. § 3582(c)(1)(A), the government states "Corbeil does not assert that illness, advanced age, or other unique personal or familial obligations justify his compassionate release." (Doc. 92, p. 6). The government failed to consider that Defendant's request relies on Defendant's allegation that he is the "sole remaining child and 'only available caregiver' for his mother and father." (Doc. 75, pp. 8-9). Defendant's request does not rely on "sentencing inequities, or a disagreement in length of sentence." (Doc. 92, p. 7).

This Court is inclined to hear the government's response to the following…

1) Whether allowing the Bureau of Prisons to determine when additional and extraordinary or compelling reasons exist after the passage of the First Step Act "would contravene the explicit purpose of," the First Step Act.[1]

2) Whether, regardless of #1 above, the Defendant's request rises to the level of extraordinary and compelling reasons warranting compassionate release.[2]

1

Accordingly, it is hereby **ORDERED** that the government shall submit supplemental briefing no later than 30 days from the date of this order.

THUS DONE AND SIGNED on this 12 day of January 2021.

                                                  DEE D. DRELL, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] See U.S.S.G. § 1B1.13 cmt. n.1(d). Also, compare United States v. Cantu, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019) (holding that requiring the Bureau of Prisons to determine when additional extraordinary or compelling reasons exist after the passage of the First Step Act "would contravene the explicit purpose of the new amendments"), with United States v. Lynn, No. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) (holding that Sentencing Commission's pre-First Step Act guidance binds courts unless and until the Commission chooses to amend it to decide that the Bureau of Prisons should no longer "be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release").

[2] See United States v. Crandle, 2020 WL 2188865, at *3 n. 27 (M.D. La. May 6, 2020)