UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:08-CR-00093-DDD-JDK-1 |
| VERSUS | JUDGE DRELL |
| CLINTON MATTHEW CORBEIL | MAGISTRATE JUDGE PEREZ-MONTES |

RULING AND ORDER

Before the court is a motion entitled "Motion for Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) and U.S.S.G. § 1B1.13" filed by defendant Clinton Matthew Corbeil ("Defendant" or "Corbeil"). (Doc. 75). The government filed its response in opposition to Defendant's motion. (Docs. 83, 90). Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

I.   Background

Corbeil is seeking compassionate release to provide care for his elderly parents. (Doc. 75). At the time he filed his motion, he had yet to exhaust his administrative remedies, and his motion was accordingly denied. (Doc. 85). Afterwards, Corbeil exhausted his administrative remedies and filed a motion to renew his motion for compassionate release. (Doc. 90). This Court has allowed Corbeil's motion to renew to allow for review of his request and because of his *pro se* status. (Doc. 93).

II.   Law and Analysis

The compassionate release provision, as amended by the First Step Act of December 2018, provides in relevant part:

> (c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that --
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
> (i) extraordinary and compelling reasons warrant such a reduction ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ...

18 U.S.C. §3582 (c)(1)(A).

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. <u>United States v. Franco</u>, 973 F.3d 465, 468 (5th Cir. 2020). The court must then find, after consideration of the factors set forth in 18 U.S.C. § 3553(a) that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) any sentence reduction is consistent with applicable Sentencing Commission policy. 18 U.S.C. §3582 (c)(1)(A).

A. Exhaustion of Remedies

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his

administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). The exhaustion requirement for motions filed directly by an inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, a court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

Evidence before the Court establishes that Corbeil did exhaust his administrative remedies regarding this claim for compassionate release. (Doc. 90) Accordingly, failure to exhaust is no longer an issue in this case.

B. Extraordinary and Compelling Reasons

A court must also find that "extraordinary and compelling reasons" warrant the requested reduction. 18 U.S.C. §3582(c)(1)(A). 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing

modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

Turning to the Guidelines, U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), explains that a reduction is authorized when the court determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community. Under § 1B1.13 Application Note 1, the following are deemed extraordinary and compelling reasons: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Corbeil's motion contends extraordinary and compelling reasons exist as his parents need personal care. Application note 1 of the United States Sentencing Guidelines § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under § 3582(c)(1)(A). The only statutorily enumerated grounds of family circumstances qualifying for compassionate release include: (1) death or incapacitation of the caregiver of the defendant's minor children, and (2) incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of

4

registered partner. Providing care for a parent is not listed as a consideration for compassionate release.

Moreover, "[n]umerous courts have already held that care of an elderly parent cannot fit within these circumstances, nor is it an extraordinary circumstance justifying an exception." U.S. v. Kelly, 2020 WL 7062872, at *2 (W.D. La. Dec. 1, 2020) (citing U.S. v. Crandle, 2020 WL 2188865, at *3 n. 27 (M.D. La. May 6, 2020) (collecting cases)); See also U.S. v. Suluki, 2020 WL 4816110, at *2 (E.D. La. Aug. 19, 2020).

Accordingly, Corbeil can show no error to the warden's determination and the Court need not, at this point, reach the government's argument that his release should also be denied for safety reasons under 18 U.S.C. § 3553(a).

III. Conclusion

For the reasons enumerated above, it is hereby ORDERED that Defendant's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 28th day of January 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT